IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JANICE L. TOOTLE, | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | 1 : 14-CV-98 (LJA) |
| CAROLYN COLVIN, | : | |
| Acting Commissioner of Social Security, | : | |
| Defendant. | : | |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on June 19, 2014, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed applications for disability benefits and Supplemental Security Income benefits in September 2011, alleging disability since February 2007.  (T- 135-149).  Her claims were denied initially and upon reconsideration.  (T – 62-86).  A hearing was held before an ALJ in February 2013.  (T- 34-61).  Thereafter, in a hearing decision dated June 24, 2013, the ALJ determined that the Plaintiff was not disabled.  (T- 15-32).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T- 1-4).

*Statement of Facts and Evidence*

The Plaintiff was 50 years of age at the time of the ALJ's decision.  (T – 178).  Plaintiff alleges disability since February 24, 2007, due to back problems.  (T – 178, 189).  Plaintiff completed high school and has past relevant work experience as a folder maker.  (T- 190).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative disc disease and obesity.  (T – 20). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing less than the full range of light work.  (T – 20-22).  The ALJ determined that the Plaintiff could not return to her past relevant work.  (T – 25). She thereafter relied on the Medical-Vocational Guidelines as a framework for decision-making and received the testimony of a vocational expert.  (T – 25-26).  The ALJ found Plaintiff remained capable of performing jobs that exist in significant numbers in the national economy, and thus was not disabled.  (T- 26).

**DISCUSSION**

Plaintiff asserts that the ALJ erred in making credibility findings, misrepresenting the record and omitting evidence. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled. If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ determined that

> [i]n terms of the claimant's alleged symptoms and limitations, in light of the objective medical evidence and other factors, her subjective allegations of pain and limitation are not fully credible, as findings do not support symptoms that would impose the degree of restrictions she has alleged. The claimant is considered only partially credible for several reasons. She stopped working because of a layoff, not because

3

> of her medical condition. At the hearing, I had difficulty eliciting information from the claimant as to what she does in a typical day as she was reluctant to divulge her daily activities. Instead of acknowledging the few activities that she can perform, she first wanted the undersigned to accept her testimony that she got out of bed, ate breakfast, went back to bed, got out of bed to eat lunch, and spent her whole day moving from the bed to the recliner and back to bed. This testimony did not appear to be credible and was inconsistent with her written report of activities.
>
> After diligent and persistent questioning, the claimant finally acknowledged that she took a shower, visited with her mother who stopped by, sat on the porch and listened to the radio. She also acknowledged that she could fold laundry, perform light cooking such as meals she can put in the oven, attend church occasionally and she goes to visit her mother. Although such activities would not be considered a very active lifestyle, the fact that she did not want to acknowledge even these activities, which have been described in written reports of record, casts some doubt on her overall credibility.
>
> . . .
>
> Based on the relevant medical evidence of record, the claimant's reported daily activities, and her appearance and demeanor at the hearing, I conclude that the claimant has the residual functional capacity to perform a range of light work.

(T – 22-23, 24).

The Court finds that the ALJ thoroughly considered and evaluated the record and the Plaintiff's subjective complaints, and properly provided sufficient reasons for partially discrediting Plaintiff's testimony. The ALJ accurately depicted the Plaintiff's testimony regarding her activities. *See* T – 46-54. The ALJ also looked to the conflicts between the objective medical record and Plaintiff's subjective complaints in finding that Plaintiff's subjective complaints were not entirely credible. The record supports the ALJ's findings that the objective medical record, specifically the lack of evidence substantiating disabling symptoms, conflicts with Plaintiff's allegations of disabling pain and limitation. "The issue of credibility is reserved to the [Commissioner]; an ALJ may properly

challenge the credibility of a claimant who asserts he is disabled by subjective complaints." *Norris v. Heckler*, 760 F.2d 1154, 1156 (11th Cir. 1985).

Plaintiff maintains that the ALJ failed to evaluate all of the medical evidence, and points to MRI results from April 2007 and hospitalization records from June 2007 as supporting her claim of disability with an onset date of 2007.  Plaintiff underwent spinal surgeries in September 2008 and July 2011.  Plaintiff maintains that she continued to require multiple prescription pain medications following the surgeries, with only minimal relief of her pain.

As noted by the Commissioner, the ALJ set out and discussed the medical evidence of record in making her residual functional capacity finding, and noted Plaintiff's continued complaints of pain and limitation.  The ALJ is not required to discuss every piece of evidence or aspect of a medical opinion.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  The ALJ noted that there was little evidence in the medical record to substantiate the extent of the disabling symptoms described by Plaintiff, and this finding is supported by substantial evidence.

To the extent that the Plaintiff asserts that the ALJ erred in observing the Plaintiff, the Court notes that the ALJ is not prohibited from considering a claimant's appearance and demeanor during the hearing, as long as the ALJ's observations do not displace the other evidence.  *Macia v. Bowen*, 829 F.2d 1009, 1011 (11th Cir. 1987).  "In *Freeman* [*v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982)], we did not intend to prohibit an ALJ from considering the claimant's appearance and demeanor during the hearing.  Rather, an ALJ must not impose his observations in lieu of a consideration of the medical evidence presented."  *Norris*, 760 F.2d at 1158.  Herein, there is no evidence or indication that the ALJ improperly relied on her observations regarding the Plaintiff's appearance.  (T – 24).

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination as to those portions of the Recommendation to which objection is made; all other portions of the Recommendation may be reviewed by the District Judge for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 22nd day of June, 2015.

                                                   s/   ***THOMAS Q. LANGSTAFF***
                                                   **UNITED STATES MAGISTRATE JUDGE**

asb