**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

JANICE L. TOOTLE,                          :
                                           :
      Plaintiff,                    :
                                           :
v.                                         :          CASE NO.: 1:14-CV-98 (LJA)
                                           :
CAROLYN COLVIN,                            :
Commissioner of Social Security,           :
                                           :
      Defendant.                    :
_____:

**<u>ORDER</u>**

      Before the Court is the Report and Recommendation ("R&R") (Doc. 16) on Plaintiff's social security appeal. In the R&R, the Magistrate Judge recommends affirming the Commissioner's decision denying Plaintiff's application for benefits, finding that the Commissioner's decision was supported by substantial evidence and reached through the proper application of the appropriate legal standards. Plaintiff has objected to the R&R, and the Commissioner has timely responded to her objection. (Docs. 17-19.) Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the R&R and the Plaintiff's objection and has made a *de novo* determination of those portions of the R&R to which the Plaintiff objects. For the reasons stated in the R&R and those that follow, the Plaintiff's objection (Doc. 17) is **OVERRULED** and the R&R (Doc. 16) is **ADOPTED**.

      Federal courts' review of an administrative law judge's ("ALJ") decision is a limited inquiry focused on confirming that the ALJ relied on substantive evidence and sound legal reasoning. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court's review of an ALJ's decision must be deferential and not reweigh evidence or substitute the court's judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence."

*Crawford*, 363 F.3d at 1158-59 (11th Cir. 2004) (quotation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* at 1158 (quotation omitted).

In her objection to the R&R, Plaintiff reasserts the same claims made during her appeal and essentially makes two arguments. (Doc. 17.) First, she contends that the ALJ failed to consider certain medical records. While the ALJ is required to "state with particularity the weight given to different medical opinions and the reasons therefor," *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or [the Circuit] Court to conclude that the ALJ considered her medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotations and alterations omitted). Contrary to Plaintiff's assertions, the ALJ's decision was well reasoned and accorded specific weight to Plaintiff's relevant medical records, citing specific facts to support her findings. (*See* Doc. 11-2 at 25-26.) That the ALJ did not refer to a specific medical record does not support a finding that the ALJ did not consider the record when evaluating Plaintiff's medical history as a whole. Indeed, the ALJ's decision was not a broad rejection and was sufficient to enable the Magistrate Judge and this Court to conclude that the ALJ considered Plaintiff's medical condition as a whole. *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

Second, Plaintiff contends that the ALJ improperly evaluated her credibility. "[C]redibility determinations are the province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). "The question is not . . . whether ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011). Therefore, "[a] clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Contrary to Plaintiff's contentions, the ALJ made a clearly articulated credibility finding and pointed to specific reasons for discrediting Plaintiff's subjective complaints of

disabling pain. The ALJ stated that it found Plaintiff only partially credible based on her evasiveness in answering questions at the hearing as well as her appearance and demeanor. Although Plaintiff contends that the ALJ misconstrued her testimony, the ALJ provided specific examples of Plaintiff's unwillingness to discuss her daily activities. (Doc. 11-2 at 23-24.) Furthermore, "the ALJ may consider a claimant's 'appearance and demeanor during the hearing' as a basis of credibility," so long as she does not "impose [her] observations in lieu of a consideration of the objective medical evidence." *Jarrell v. Comm'r of Soc. Sec.*, 433 F. App'x 812, 814 (11th Cir. 2011) (quoting *Norris v. Heckler*, 760 F.2d 1154, 1157-58 (11th Cir. 1985)). Nothing in the record suggests that the ALJ disregarded medical evidence in light of her observations of Plaintiff's demeanor.

As to Plaintiff's contention that the ALJ erred in considering the fact that Plaintiff was laid off, Plaintiff points to no authority to support her position. To the contrary, an ALJ is free to consider the basis for a claimant's termination when making credibility determinations. *See Ackerman v. Comm'r of Soc. Sec.*, No. 2:14-CV-207, 2015 WL 3514413, at *7 (M.D. Fla. June 4, 2015) ("Because the record contains evidence suggesting Plaintiff may have stopped working for reasons unrelated to disability, the ALJ properly considered this evidence in making his credibility determination."); *Ricker v. Comm'r of Soc. Sec.*, No. 5:13-CC-479, 2014 WL 6610849, at *10 (M.D. Fla. Nov.21, 2014) (finding that the plaintiff's admission that he stopped working because he was laid off, rather than because he was unable to work, was properly considered by the ALJ in evaluating the plaintiff's credibility); *see also Levie v. Comm'r of Soc. Sec.*, 514 Fed. App'x. 829, 831 (11th Cir. 2013) (finding that evidence which showed the plaintiff was fired from previous employment for reasons unrelated to his alleged disability supported the ALJ's finding that the plaintiff was not disabled). Accordingly, the ALJ properly evaluated Plaintiff's credibility and this Court will not reweigh the evidence or substitute its judgment for that of the ALJ.

In sum, the Magistrate Judge correctly concluded that the ALJ's conclusion, as a whole, was supported by substantial evidence in the record. Therefore, the Court finds that the R&R (Doc. 16) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the

Order of this Court for reason of the findings made and reasons stated therein. Accordingly, the Commissioner's decision is **AFFIRMED**.

      **SO ORDERED**, this 27th day of August, 2015.


                                /s/ Leslie J. Abrams

                                **LESLIE J. ABRAMS, JUDGE**
                                **UNITED STATES DISTRICT COURT**